IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:11-CV-00095-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS

This case arises from a traffic citation issued to Plaintiff William C. Young based on traffic camera footage of Plaintiff running a red light at the intersection of North Oak Trafficway and Vivion Road. Plaintiff alleges that the process of issuing tickets based on traffic cameras violates his due process right to be confronted by his accusers and his 5th and 14th Amendment right to privacy (Doc 8-1). As redress, Plaintiff's *pro se* Amended Complaint, filed without leave of the Court, requests that for every camera installed at traffic intersections, the city install a camera in a dangerous Kansas City neighborhood with a high crime rate.

Now pending before the Court is Defendants City of Kansas City, Missouri and Mayor Sly James's[1] Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 19). The Court has reviewed this Motion in conjunction with Plaintiff's Response (Docs 19, 21). For the reasons discussed below, Defendants' Motion is GRANTED.

---

[1] When this action was filed, Plaintiff listed Mayor Mark Funkhouser as a Defendant. Although Plaintiff did not specify, the Court assumes Mayor Funkhouser was sued in his official capacity. As Funkhouser is no longer Mayor of Kansas City, Mayor Sly James has been substituted as a Defendant pursuant to Federal Rule of Civil Procedure 25(d).

**Standard**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In order to survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940. The court must accept well-pleaded facts as true, however, the court need not accept unsupported legal conclusions or "formulaic recitation[s] of the elements of a cause of action." *Id.* at 1949. "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.,* 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)).

A court must construe complaints from *pro se* plaintiffs liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, *pro se* litigants must still "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Courts should not supply additional facts or construct legal theories based on facts that the plaintiff has not pled. *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). *Pro se* complaints, "however inartfully pleaded," can be dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

**Discussion**

**A. Plaintiff lacks standing to pursue his claims.**

Defendant asserts that Plaintiff lacks standing to pursue a claim because Plaintiff makes no allegations regarding alleged damages. To establish standing, the party invoking federal jurisdiction must establish: (1) that it suffered injury to a legally protected concrete and particularized interest; (2) that there is a "casual connection between the injury and the conduct complained of;" and (3) that it is "likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 41-42, 38, 43 (1976)).

Here, Plaintiff has made no showing that he suffered any injury. The only injury the Court can conceive—Plaintiff's traffic citation—was dismissed by the City after Plaintiff filed an appeal of the municipal court violation (Doc. 19-1 at 4). In addition, the Court fails to see how the remedy that Plaintiff seeks—traffic camera installation in dangerous neighborhoods—would redress this injury. Thus, plaintiff fails to allege facts establishing the he has suffered injury or that the injury would be redressed by a favorable decision, and the complaint must be dismissed.

**B. Plaintiff fails to state a claim upon which relief can be granted.**

In addition to lacking standing, Plaintiff fails to allege facts sufficient to sustain a claim. Plaintiff argues that red light cameras violate his Fifth and Fourteenth Amendment rights to privacy. Plaintiff also argues that under due process of the law, "plaintiff has a right to be confronted by accusers, and a photo camera is not a person no[r] an accuser" (Doc. 8 at 1). Plaintiff seeks a Court order that Defendants install surveillance cameras in "dangerous areas of the city." These generalized conclusions, however, fail to assert any factual allegations against Defendants James or the City suggesting Defendants violated Plaintiff's rights. Nor do they

provide Defendants any clear basis upon which to respond.  In addition, it is unclear to the Court how Plaintiff's request for relief has any relation to Plaintiff's red light traffic violation.

Although Plaintiff alleges that traffic "citation by a spy camera is a violation and infringement" upon his Fifth and Fourteenth Amendment rights to privacy, Plaintiff alleges no facts to support this contention.  Even if Plaintiff had alleged facts sufficient to show that Defendants violated his right to privacy, there is no legal basis to support his claim.  While the Supreme Court has read the Fourteenth Amendment's guarantee of liberty as creating broad rights to privacy in many areas including child rearing, procreation, and termination of medical treatment, it has never held that driving is a protected area.  *See Cruzan v. Mo. Dept. of Health*, 497 U.S. 261 (1990); *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Meyer v. Nebraska*, 262 U.S. 390 (1923).

In addition, while courts have found that government surveillance may give rise to a violation under the Fourth Amendment, they have consistently found that individuals have a "diminished expectation of privacy in an automobile."  *United States v. Knotts*, 460 U.S. 276, 281-82 (1983).  As the Court noted in *Cardwell v. Lewis*, "One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects.  A car has little capacity for escaping public scrutiny.  It travels public thoroughfares where both its occupants and its contents are in plain view."  417 U.S. 583, 590 (1974).  Accordingly, there is no legal basis for Plaintiff's assertion that red light traffic cameras violate his Fourth, Fifth, or Fourteenth Amendment rights to privacy, and Plaintiff's claim must be dismissed.

The Court also considers Plaintiff's challenge to the constitutionality of the City's implementation and use of camera-enforced traffic regulations on due process grounds.  Like his

4

privacy claims, Plaintiff fails to allege facts showing that Defendants violated his due process rights.  In addition, courts have consistently held that camera-enforced traffic control devices are not violative of due process.  *See Agomo v. Fenty*, 916 A.2d 181 (D.C. 2007); *McNeill v. Town of Paradise Valley*, 44 Fed. Appx. 871, 871 (9th Cir. 2002) (holding that Plaintiff's challenge of the traffic citation in municipal court gave him "all the process he was due").  In Missouri, courts have held that the city's reasonable regulation of traffic is a valid exercise of the state's police power.  *City of St. Louis v. Cook*, 221 S.W.2d 468, 469 (Mo. 1949). Therefore, as Plaintiff has failed to allege facts sufficient to state a claim or a legal basis for liability, Plaintiff's claims must be dismissed.

Finally, Defendants argue that Plaintiff's claims are barred by the doctrines of absolute immunity, qualified immunity, and official immunity.  Because the Court has already determined that Plaintiff's claims must be dismissed for lack of standing and failure to state a claim, it need not reach these issues.

## Conclusion

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendants are entitled to a judgment on the pleadings.  Defendants' Motion is GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**

Dated: November 29, 2011                                   /s/ Greg Kays
                                                          GREG KAYS
                                                          UNITED STATES DISTRICT JUDGE